UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEAN J. SANDSTROM,

    Plaintiff,

v.                                 18-CV-1514 (JLS)

CHAUTAUQUA COUNTY, JOSEPH A.
GERACE, LORI THIERFELDT, ERIK
BENTLEY, JOSEPH CALIMERI,
DAVE MISTRETTA, JEFFREY
HOVER, CHESTER COBB, JASON
CRESANTI, DEREK RAICHEL,
LATITIA JAMES,

    Defendants.

## DECISION AND ORDER

On December 28, 2018, *pro se* Plaintiff Dean J. Sandstrom commenced this action seeking money damages, declaratory judgment, and injunctive relief under 42 U.S.C. §§ 1983, 1985, 1986, 1988, and 28 U.S.C. §§ 2102 and 2202. Dkt. 1. On February 23, 2019, this Court[1] referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 8. Presently before the court is Judge Foschio's Report and Recommendation ("R&R") (Dkt. 41) addressing Defendants' various motions to dismiss.

For the reasons discussed below, this Court adopts the R&R in nearly all respects and dismisses the complaint in full.

---

[1] Judge Vilardo was originally assigned to this case and made the referral to Magistrate Judge Foschio. On February 18, 2020, this case was reassigned to Judge John L. Sinatra, Jr. Dkt. 40.

## BACKGROUND

This Court assumes the parties' familiarity with the details of this case, outlined in Judge Foschio's Report and Recommendation ("R&R") (Dkt. 41, at 2-11), and will provide only a brief summary of the relevant background.

*Pro se* Plaintiff Dean J. Sandstrom filed this civil rights action alleging that Defendants violated Plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments in connection with traffic stops and arrests on February 17, 2014, June 17, 2014, and June 10, 2015, as well as a conviction on November 10, 2015. Dkt. 1. On February 21, 2019, Plaintiff filed an amended complaint, discontinuing the action against New York. Dkt. 9. Remaining defendants include Chautauqua County and numerous state and county officials sued in their official and individual capacities, excepting Attorney General Latitia James, whom Plaintiff sued in her official capacity only. Dkt. 9, ¶ 6.

Collectively, Defendants filed several motions to dismiss (Dkt. 12, 15, 28, 30) on a number of grounds: lack of subject matter jurisdiction, statute of limitations, failure to state a claim, collateral estoppel, various immunity doctrines, and lack of personal jurisdiction based on insufficient process and insufficient service of process (as to Defendant Raichel only).

Based on these motions and subsequent briefing, on February 20, 2020, Judge Foschio issued an R&R recommending dismissal as to all Defendants, albeit not for each independent reason proffered for dismissal. Dkt. 41, at 5, 59-60. The

parties did not object to the R&R,[2] and the time to do so has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

## **DISCUSSION**

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Because no party filed objections, this Court reviews the R&R for clear error on the face of the record. Although not required to do so, this Court nevertheless has reviewed Judge Foschio's R&R as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts the R&R with one exception—an issue this Court does not reach.[3]

---

[2] This Court notes that Plaintiff did not file any objections but, on March 13, 2020, filed an appeal of Judge Foschio's R&R to the Second Circuit. Dkt. 42.

[3] This Court need not, and does not, address the issue whether Eleventh Amendment immunity applies to County Defendants Gerace, Mistretta, Hover, and Cobb in their official capacities. This Court is unaware of any case extending the holding of *Huminski v. Corsones*, 396 F.3d 53 (2d Cir. 2005), to confer Eleventh Amendment immunity to sheriffs in New York State. Because this Court agrees with Judge Foschio that these claims are subject to dismissal on other grounds, this Court declines to reach whether *Huminski* applies on these unique facts.

For the reasons stated above and in the R&R, all motions to dismiss are granted. The amended complaint, Dkt. 9, is dismissed with prejudice and without leave to replead; and the Clerk of the Court is directed to close the file.

SO ORDERED.

Dated: April 13, 2020
Buffalo, New York

    s/ John L. Sinatra, Jr.
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE